**Reversed and Rendered and Majority and Dissenting Opinions filed May 18, 2023.**



In The

# Fourteenth Court of Appeals

---

### NO. 14-21-00372-CR

---

**WILLIAM SOLOMON LEWIS, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

---

**On Appeal from the 185th District Court**
**Harris County, Texas**
**Trial Court Cause No. 1652421**

---

## DISSENTING OPINION

The jury was instructed to return a verdict of guilty if it found beyond a reasonable doubt that appellant had threatened to harm his mother "in retaliation for or on account of the service or status of [her] as a witness." The jury made that finding, but according to the majority, the evidence is legally insufficient to support it. The majority explains that even though there was ample evidence that the mother had testified as a witness in the protective-order case, there was no similar evidence

that she had testified as a witness in the harassment case, and such evidence was necessary because the evidence plainly established that appellant's threat of harm was motivated by events in the harassment case, rather than by events in the protective-order case.

I take no issue with the majority's analysis of the protective-order case and how the mother's testimony in that case fails to make the causal link to the threat of harm in this case. However, I disagree with the majority's other conclusion that the conviction in this case required some evidence that the mother had already testified—in the past tense—in the harassment case.

The majority based that conclusion on *Jones v. State*, 628 S.W.2d 51 (Tex. Crim. App. 1980), which held that the word "witness" in the retaliation statute meant "one who has testified in an official proceeding." *Id.* at 55. This definition is also focused on the past tense, but the retaliation statute has changed since *Jones*, and the changes have been significant.

At the time of *Jones*, the statute provided as follows: "A person commits an offense if he intentionally or knowingly harms or threatens to harm another by an unlawful act in retaliation for or on account of the service of another as a public servant, witness, or informant." Act effective Jan. 1, 1974, 63d Leg., R.S., ch. 399, § 1, 1963 Tex. Gen. Laws 883, 945. Notably, the statute authorized a conviction only if the retaliation was in response to another person's "service" as a witness.

In response to *Jones*, the statute was amended to include a "prospective witness" among the category of protected persons: "A person commits an offense if he intentionally or knowingly harms or threatens to harm another by an unlawful act in retaliation for or on account of the service of another as a public servant, witness, prospective witness, or informant." Act effective Sept. 1, 1983, 68th Leg., R.S., ch. 558, § 4, 1983 Tex. Gen. Laws 3237, 3238.

Later, the statute was amended again to provide "status" as an alternative to service: "A person commits an offense if he intentionally or knowingly harms or threatens to harm another by an unlawful act in retaliation for on or account of the service or status of another as a public servant, witness, prospective witness, or informant . . . ." Act effective Sept. 1, 1997, 75th Leg., R.S., ch. 239, § 1, 1997 Tex. Gen. Laws 1161, 1161.

That amendment is significant for two reasons. First, by broadening the retaliation statute to include "status," the amendment left "no existing gap in the persons protected under" the statute. *See Cada v. State*, 334 S.W.3d 766, 772 (Tex. Crim. App. 2011) (tracing the legislative history of the statute). Second, as explained in *Ortiz v. State*, 93 S.W.3d 79 (Tex. Crim. App. 2002), the amendment created "redundancies" in the statute, which actually enforced the broader protections. *Id.* at 92.

*Ortiz* involved a complaint of charge error. *Id.* at 91. The charge authorized a conviction if the defendant had retaliated against the complainant on account of the complainant's "service or status" as a prospective witness, even though at the time of the alleged offense, the retaliation statute had not yet been amended to include the word "status." *Id.* The Court of Criminal Appeals concluded that the charge was erroneous insofar as it relied on the wrong version of the statute, but that the defendant was not egregiously harmed. *Id.* at 91–92. The Court reasoned that there are "some redundancies" in the statute, both with the phrase "prospective witness," and with the words "status" and "service." *Id.* at 92. The Court continued:

> With the other options in the statute—public servant, witness, and informant—there is a clear difference between that person's status versus his service. But with a "prospective witness," the line is blurred, since the word "prospective" denotes a future event. There is little difference between a prospective witness's status and his service.

*Id.*

Similarly, and taking into account the Legislature's clear intent to broaden the retaliation statute and leave "no gaps," there is little difference between a person having the "status of a witness" and a "prospective witness." In other words, a person can have the status of a witness, even if the person has not already testified in an official proceeding as required by *Jones*.

In my view, there was ample evidence to support the jury's finding that appellant's mother had the status of a witness. The officer testified that the mother is the complaining witness in the case. Indeed, the mother's complaint was what led to the district attorney's office filing for the protective order. It also led to the mother's appearance at the protective-order hearing and to the charging instrument in the harassment case.

While the mother had not yet served as a witness in the harassment case, she still held the status of a witness in that case. Appellant threatened to kill his mother because she is the complaining witness in that case. Appellant was being held in custody pending the harassment case. His belief that he would go back to federal confinement was not because of the protective-order case. Instead, it was because of the harassment case. At one point during his jail call, appellant even claims that he will plead guilty in the harassment case and then kill his mother. This was more than sufficient to show that appellant threatened to harm his mother in retaliation for or on account of her status as a witness.

For all of these reasons, I would conclude that the evidence was legally sufficient to support the conviction and affirm the trial court's judgment. Because the majority does not, I respectfully dissent.

/s/    Tracy Christopher
Chief Justice

Panel consists of Chief Justice Christopher and Justices Wise and Hassan.

Publish — Tex. R. App. P. 47.2(b)